UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAITLYN ROBINSON,**   Case No: 8:22-cv-2406

**Plaintiff,**

v.

**AKPT, LLC., D/B/A CULVER'S,**

**Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendant as an "Assistant Manager". Despite Plaintiff's title of "Assistant Manager," Plaintiff was not paid on a salary basis and was instead paid on an hourly basis.

3. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

4. Defendant is a fast-food service enterprise and provide related food sales and services in Hillsborough County, Florida.

5. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

6. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

7. Defendant owns and operates a fast-food restaurant in Hillsborough County, Florida.

8. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

9. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

10. During the entirety of her employment, Plaintiff worked at least 45 hours per week.

11. Plaintiff was not paid overtime wages for all of the hours she worked while employed by Defendant.

12. Plaintiff was not subject to any overtime exemptions.

13. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

14. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

15. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

16. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

17. As a result, Plaintiff often performed work for Defendant at a rate well below the appropriate premium wage because Plaintiff worked after hours in full-view of Defendant's management including working prior to the start of her shift and during unpaid lunch breaks.

18. As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

19. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

20. Defendant is a for profit corporations that operate and conduct business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

21. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved restaurant industry services and required Plaintiff to regularly communicate with out-of-state vendors and suppliers. Defendant was also required to accept payments from customers using credit cards and debit cards and communicating with out-of-state banks. Finally, Plaintiff was involved in receiving goods that arrived to Defendant's restaurant from out-of-state, and Defendant who is headquartered out of state.

22. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

23. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

24. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as

the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

25. At all material times relevant to this action, Plaintiff in her capacity as a fast food worker, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, restaurant industry services, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

26. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with out-of-state entities *via* internet, electronic mail, and telephonic communications.

27. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

28. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no

provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

29. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

30. However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

31. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

34. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

35. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

36. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

37. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

**DATED this 20th day of October, 2022.**

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com